IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

       Plaintiff,                     No. CIV S-09-2323 DAD P

    vs.

T. FORSTHY, et al.,

       Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $4.17 will be assessed by this order. <u>See</u> 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, plaintiff's allegations are vague and conclusory.  Plaintiff does not provide sufficient factual allegations concerning the alleged involvement of each named defendant in the violation of his constitutional or statutory rights.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which each named defendant engaged in that support his claims.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

In addition, plaintiff has not alleged facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  First, plaintiff must provide further allegations concerning his confinement in administrative segregation.  In this regard, it is not clear from plaintiff's complaint whether he is alleging that all prisoners were on lock-down or whether plaintiff was placed in administrative segregation as a disciplinary measure.  If plaintiff was in administrative segregation because of a rules violation, he should so allege and may attach a copy of the disciplinary report to any amended complaint he elects to file.  Second, plaintiff must also allege in greater detail the medical condition from which he suffers and how that condition was impacted by the denial of outdoor exercise.  Plaintiff may elect to attach to any amended

complaint medical records describing his condition, including any physicians' orders requiring that he be provided daily outdoor exercise and any records showing how the deprivation of outdoor exercise impacted plaintiff's health.  Third, as to plaintiff's contention that the denial of outdoor exercise was retaliatory, he must provide additional factual allegations that would demonstrate that (1) prison officials retaliated against him for exercising his constitutional rights, and (2) the retaliatory action did not advance legitimate goals of the correctional institution or were not narrowly tailored to achieve those goals.  See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).  Plaintiff must also provide allegations that demonstrate that the protected conduct in which he was engaged was a substantial or motivating factor for the alleged retaliatory acts.  See Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274, 285-87 (1977).

   Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

   Finally, on March 16, 2010, plaintiff filed a letter with the court claiming that his conviction was illegally obtained and requesting that the court grant him bail.  The legality of plaintiff's incarceration and his entitlement to bail is not before this court.  When a prisoner challenges the fact or duration of his custody and a determination of his action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990).  Therefore, plaintiff's request for bail will be denied and he is directed that he should proceed with a separate habeas action if he wishes to challenge his underlying criminal conviction.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 7, 2010 application to proceed in forma pauperis (Doc. No. 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $4.17. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the Clerk of the Court; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

6. Plaintiff's March 16, 2010 motion for release on bail (Doc. No. 9) is denied.

DATED: April 28, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
beny2323.14